UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HONORABLE JOHN CONYERS, JR., ET AL.,

    Plaintiffs,

v.

GEORGE W. BUSH, ET AL.,

    Defendants.
    _____/

Case No. 06-11972

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [17, 18]**

This matter comes before the Court on Defendants' motions to dismiss, brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants' motions argue that Plaintiffs do not have standing to bring this lawsuit; and, even if they did, the "enrolled bill rule" announced in *Marshall Field & Co. v. Clark*, 143 U.S. 649 (1892), forecloses Plaintiffs' from stating a claim for the relief they seek. For the reasons discussed below, Defendants' motions are GRANTED.

**I.    Facts**

Plaintiffs are eleven members of the United States House of Representatives. (Compl. ¶¶ 9-19.) Plaintiffs claim that the Deficit Reduction Act of 2005 ("the Act" or "the Deficit Reduction Act"), Pub. L. No. 109-171, § 10001, 120 Stat. 4, § 183, is invalid and did not comply with Article I, Section 7 of the United States Constitution because it did not pass the House in the form in which it was passed by the Senate, signed by the President, and enrolled as a Public Law. (Compl. ¶¶ 1, 40.) Specifically, Plaintiffs allege one section of

the Act, Section 5101: (1) as passed by the Senate, set the duration of Medicare payments to rent certain durable medical equipment at 13 months (Compl. ¶ 32); (2) as passed by the House, set the duration of rent payments at 36 months (Compl. ¶ 33); (3) that the Speaker of the House and President *pro tempore* of the Senate signed an attestation that the bill with the Senate's 13-month provision had passed both houses (Compl. ¶ 38); and (4) that the bill so attested was presented to and signed by the President (Compl. ¶¶ 38-40, 43).

Plaintiffs allege that, because the version of the Deficit Reduction Act signed by the President was never passed by the House, the Act did not meet the requirements of Article I, Section 7 of the Constitution and is thus invalid. (Compl. ¶¶ 49-50). Plaintiffs further allege that, as members of the House, they have been irreparably injured by being: "disenfranchised" in terms of their ability to engage in the deliberative legislative process, to persuade other members of the House, and to represent the interests of their constituents by voting on legislation signed by the President. (Compl. ¶¶ 2, 45-47).

## II.      Motion to Dismiss Standard

A Rule 12 (b) (6) motion to dismiss tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Exp. Corp.*, 96 F.3d 200, 203 (6th Cir. 1996); *Forest v. United States Postal Serv.*, 97 F.3d 137, 139 (6th Cir. 1996). This standard of review "'requires more than the bare assertion of legal conclusions.'" *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997) (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The complaint must include direct or indirect

allegations "respecting all the material elements to sustain a recovery under *some* viable legal theory." *See In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citations omitted). A court should not grant a 12(b)(6) motion unless the movant shows "beyond doubt that the plaintiff can prove no set of facts in support of his claim." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court's function "is not to weigh the evidence or assess the credibility of witnesses but rather to examine the complaint and determine whether the plaintiff has pleaded a cognizable claim." *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 452 (6th Cir. 2003) (internal citations omitted).

### III. Analysis

Defendants' motions argue that Plaintiffs do not have standing to bring this lawsuit; and, even if they did, the "enrolled bill rule" announced in *Marshall Field & Co. v. Clark*, 143 U.S. 649 (1892), forecloses Plaintiffs from stating a claim for the relief they seek. The Court first addresses Defendants' standing argument.

### A. Standing

Defendants first argue that Plaintiffs lack standing to bring this action. This Court agrees.

As the Supreme Court observed in *Raines v. Byrd*, 521 U.S. 811, 818 (1997), "the federal courts have jurisdiction" over matters "only if it is a 'case' or 'controversy.'" (citing Article III, § 2, United States Constitution). "One element of the case-or-controversy requirement" is that the plaintiff has standing to sue. *Id.* "To meet the standing requirements of Article III, '[a] plaintiff must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'"

*Id.* (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984) (emphasis added)). The standing requirement has three elements:

> First, the plaintiff must have suffered an injury in fact -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and quotations omitted).

The United States District Court for the Southern District of New York recently addressed standing in a case that raised the same argument Plaintiffs raise here about the constitutionality of the Deficit Reduction Act. *OneSimpleLoan v. U.S. Sec'y of Educ.*, No. 06 Civ. 2979(RMB), 2006 WL 1596768, *8-9 (S.D. N.Y. June 9, 2006). There, the district court determined that the plaintiffs did not have standing. It first assumed, without deciding, that the plaintiffs satisfied the first element; i.e., that they "may have suffered 'an injury in fact.'" *Id.* at *9. It then observed that, even if plaintiffs suffered an injury in fact, "it does not necessarily follow that Plaintiffs' 'injury will be redressed by a favorable decision.'" *Id.* (quoting *Lujan*, 504 U.S. at 561). This is true because, "[i]f the [Deficit Reduction Act] were held unconstitutional, Congress might . . . . resolve the Medicare equipment discrepancy (i.e., 13 versus 36 months) and pass an otherwise identical bill." *Id.* The "no standing" determination in *Onesimpleloan* is supported by a recent decision from the Sixth Circuit Court of Appeals.

In *Baird v. Norton*, 266 F.3d 408 (6th Cir. 2001), the Sixth Circuit discussed key Supreme Court decisions on standing and observed, "[f]or legislators to have standing as legislators . . . they must possess votes sufficient to have either defeated or approved the measure at issue." Id. at 412 (discussing *Raines v. Byrd*, 521 U.S. 811 (1997) and *Coleman v. Miller*, 307 U.S. 433 (1939)). Similar to the plaintiff in *Baird*, Plaintiffs here lack standing because they cannot show that their votes were sufficient to defeat a bill with the 13 month provision. *See Baird*, 266 F.3d at 413. Like the plaintiff in *Baird*, Plaintiffs here do not argue that the substantive provisions of the Deficit Reduction Act are unconstitutional. Rather, their complaint alleges that the Medicare equipment discrepancy (13 versus 36 months) could have been resolved to their liking (36 as opposed to 13 months) had the constitutionally required procedures been followed, and thus their vote (for a 36 month period) was effectively nullified. *See id.* Plaintiffs' attempt to distinguish *Baird* is not persuasive, and their reliance on *Coleman* is misplaced. As the Supreme Court clarified in *Raines*, "our holding in *Coleman* stands (at most . . . ) for the proposition that legislators whose votes would have been sufficient to defeat (or enact) a specific legislative Act have standing to sue if that legislative action goes into effect (or does not go into effect), on the ground that their votes have been completely nullified." *Raines*, 521 U.S. at 823.

**B. Enrolled Bill Rule**

Even if Plaintiffs did have standing, this Court agrees with Defendants that their claims are subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This lawsuit focuses on a discrepancy in the House and Senate versions of the Deficit Reduction Act. Plaintiffs argue that, because a different version of the Act was passed by

5

the House and the Senate, the Act violates the bicameral requirement of the United States Constitution, Article I, Section 7, and is thus invalid and unenforceable. Defendants, in their motions to dismiss, argue that the "enrolled bill rule" announced in *Marshall Field* forecloses Plaintiffs from asserting a claim for relief on the undisputed facts of this case. This Court agrees with Defendants.

In their Response to Defendants' motion to dismiss, Plaintiffs provide some detail explaining how a bill becomes a law. "When one chamber of Congress passes a bill, the bill is then printed, signed by the Clerk of the House or the Secretary of the Senate (depending on which chamber passed the bill), and sent to the other chamber. The printed version of the bill passed by a single chamber is called the 'engrossed bill.' 1 U.S.C. § 106. If the other chamber passes the engrossed bill without amendment, the Clerk or Secretary signs the bill and returns it to the originating chamber. *Id.* The bill is then printed again and, at this point, is called the 'enrolled bill.' *Id.* The presiding officers of both the House and the Senate sign the enrolled bill to attest that it passed each chamber. *Id.* The enrolled bill is then sent to the President. *Id.*" (Pls.' Resp. at 1-2.)

The basic facts alleged in Plaintiffs' complaint concerning how the Deficit Reduction Act was passed have been observed by a number of courts addressing the same or similar concerns that Plaintiffs raise here. *See Public Citizen v. Clerk, United States District Court for the District of Columbia*, ___ F. Supp. 2d ___, 2006 WL 2329329, *2 (D. D.C. Aug. 11, 2006); *Cal. Dep't of Soc. Servs. v. Leavitt*, 444 F. Supp. 2d 1088, 1096 (E.D. Cal. 2006); *OneSimpleLoan v. U.S. Sec'y of Educ.*, No. 06 Civ. 2979(RMB), 2006 WL 1596768, *4 (S.D. N.Y. June 9, 2006). Those facts are as follows:

> In the Fall of 2005, the House and the Senate passed different versions of a budget bill. To reconcile the differences between the two bills, the legislation was sent to a House-Senate Conference Committee, where it was modified. On December 19, 2005, the House passed the bill as agreed upon by conference report. On December 21, 2005, the Senate passed an amended version of the conference report. In the course of transmitting the amended version of the bill to the House, a change was made to section 5101 of the bill, altering the duration of the Medicare payments for certain durable medical equipment from 13 months to 36 months. On February 1, 2006, the House passed the amended bill, with the 36 month duration on Medicare payments. Subsequently, the legislation passed by the House was altered to reflect the 13 month duration on Medicare payments, as passed in the Senate. On February 8, 2006, President Bush signed the bill that was passed by the Senate, but not by the House. Therefore, the Senate passed and the President signed a bill reflecting a 13 month duration on Medicare payments, and the House passed a bill reflecting a 36 month duration on Medicare payments.
>
> * * *
>
> [I]n approving the Deficit Reduction Act, the President signed the bill that had been duly enrolled and authenticated by both the Speaker of the House, Dennis Hastert, and the President *Pro Tempore* of the Senate, Theodore F. Stevens.

*Cal. Dep't Soc. Servs.*, 444 F. Supp. 2d at 1096.

Each of the courts that have addressed the identical issue presented here have held that enrolled bill rule announced in *Marshall Field* still applies today. Thus a claim of unconstitutionality for violation of Article I, Section 7, "is not legally cognizable where an enrolled bill has been signed by the presiding officers of the House and Senate as well as the President. . . ." *Public Citizen*, ___ F. Supp. 2d at ___, 2006 WL 2329329 at **4, 16. "On its face, the 'enrolled bill rule' of *Marshall Field* requires the Court to accept the signatures of the Speaker of the House and the President pro tempore of the Senate on the enrolled bill as 'complete and unimpeachable' evidence that the bill has been passed by both chambers of Congress." *Id.* at *5. *Accord, OneSimpleLoan*, 2006 WL 1596768 at *9; *Cal. Dep't of Soc. Servs.*, 444 F. Supp. 2d at 1096.

These courts have uniformly rejected the arguments Plaintiffs raise here. The decision in *Marshall Field* has not been limited to "the use of legislative journals as evidence and the requirements of the Journal Clause" thus precluding its application in a case where "a statute is challenged as violating the Constitution." *Public Citizen*, ___ F. Supp. 2d at ___, 2006 WL 2329329 at **10-12. Despite Plaintiffs' claims to the contrary, this Court agrees that the decision in *United States v. Munoz-Flores*, 495 U.S. 385 (1990), "does not overrule or limit the holding of *Marshall Field*, but rather only declines to extend it to Origination Clause cases." *Id.* at *11. It likewise agrees that "this Court does not have the discretion to find that a Supreme Court case has been overruled by implication." *Id.* at *12 (citing *Agostini v. Felton*, 521 U.S. 203, 237 (1997)). *Accord, OneSimpleLoan*, 2006 WL 1596768 at *9 (quoting *Rodriguez de Quijas v. Shearson/American Exp., Inc.*, 490 U.S. 477, 484 (1989) for the principle that the Court must "leave to the Supreme Court the prerogative of overruling its own decisions.").

Plaintiffs here, like the plaintiff in *Public Citizen*, allege that "the Speaker of the House and President pro tempore of the Senate signed S.1932 as enrolled and that this bill was then signed by the President of the United States." *Public Citizen*, ___ F. Supp. 2d at ___, 2006 WL 2329329 at *12. Accordingly, these undisputed facts require the same result here as in *Public Citizen*: "dismissal of plaintiff's claim that the Deficit Reduction Act of 2005 fails to pass constitutional muster because it was not passed by the House in the same form as the Senate, under controlling precedent of *Marshall Field*." *Id.* at *12. Plaintiffs claims are hereby dismissed.[1]

---

[1] In light of this ruling, there is no need to address Defendants' additional arguments for dismissal.

**IV. Conclusion**

For the above-stated reasons, Defendants' motions to dismiss are GRANTED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  November 6, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 6, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager